**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | No. CR 19-2261-TUC-CKJ |
| ) | No. CR 16-1054-TUC-CKJ |
| vs. ) | |
| ) | **ORDER** |
| Jaime Morales Dominguez, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c) and Amendment 821 to the Federal Sentencing Guidelines (CR 19-2261, Doc. 182; CR 16-1054, Doc. 78) filed by Jaime Morales-Dominguez ("Morales-Dominguez"). The Federal Public Defender filed a Notice RE: Pro Se Filing, stating it would not be filing a supplemental memorandum (CR 19-2261, Doc. 183; CR 16-1054, Doc. 79).

Additionally, the United States Probation Office filed Memorandums RE: Retroactive Criminal History Amendment of Chapter Four Zero Status Points - Ineligible ("PO Memo") in each case (CR 19-2261, Doc. 185; CR 16-1054, Doc. 80). The CR 19-2261 PO Memo states:

> [I]t does not appear the defendant is eligible for a reduction in the term of imprisonment because he was sentenced to the minimum statutory term for Count 1 and to a term of imprisonment lower than what his adjusted range would be pursuant to the amendment as to Count 5. As such, pursuant to USSG §1B.10(2)(A), the defendant is ineligible.

PO Memo (CR 19-2261, Doc. 185). The CR 16-1054 PO Memo states "it does not appear the

defendant is eligible for a reduction in the term of imprisonment because his original term of imprisonment was completed March 22, 2019." PO Memo (CR 16-1054, Doc. 80).

*Procedural Background*

On September 30, 2016, Morales-Dominguez pleaded guilty pursuant to a plea agreement to Possession with Intent to Distribute Marijuana in CR 16-1054. The plea agreement provided for a stipulated sentencing range of 37 to 46 months imprisonment, representing a four-level downward departure. The United States Sentencing Guideline ("USSG") calculation included a Base Offense Level of 30, with two points subtracted for safety-valve and three points subtracted for acceptance of responsibility, for a Total Offense Level of 25. Based upon a total offense level of 25 and a Criminal History Category of I, the advisory guideline imprisonment range was 57 months to 71 months. The plea agreement provided for a stipulated sentencing range of 37 to 46 months imprisonment, representing a four-level downward departure. On January 23, 2017, this Court sentenced Morales-Dominguez to a 40 month term of imprisonment, to be followed by 36 months of supervised release.

On August 8, 2019, Morales-Dominguez was indicted in CR 19-2261 for Conspiracy to Possess with Intent to Distribute Marijuana, Methamphetamine, and Tetrahydrocannabinol Oil ("THC"), Possession with Intent to Distribute Marijuana, Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute THC, and Illegal Re-Entry with a sentencing enhancement. On February 6, 2020, Morales-Dominguez pleaded guilty pursuant to a plea agreement to the Conspiracy and Illegal Re-Entry offenses, with the remaining counts to be dismissed at the time of sentencing.

On March 12, 2020, a Petition to Revoke Supervised Release was filed in CR 16-1054, alleging Morales-Dominguez had violated Standard Condition 1 by committing another crime while on supervision. On June 1, 2020, Morales-Dominguez admitted the violation.

1   A combined Pre-Sentence Report for CR 19-2261 and CR 16-1054 was prepared. The USSG calculation for the conspiracy count included a Base Offense Level of 34, with two points subtracted for role in the offense, for an Adjusted Offense Level of 29.  The USSG calculation for the illegal re-entry count included a Base Offense Level of 8, with eight points added based on the specific offense characteristics (Morales-Dominguez engaged in criminal conduct resulting in a felony conviction on January 23, 2017, with an imposed sentence of 40 months imprisonment in CR 16-1054, after his first order of deportation from the United States).

The USSG Combined Adjusted Offense Level based on the multiple groups of offenses was 32, with three points subtracted for acceptance of responsibility, for a Total Offense Level of 29.  Morales-Dominguez's criminal history calculation included two added points because the offense was committed while he was under a criminal justice sentence in this Court, for a Total Criminal History score of five, establishing a Criminal History Category of III.  Based on a Total Offense Level of 29 and a Criminal History Category of III, the guideline imprisonment range was 120 months to 135 months.  The plea agreement stipulated to a sentencing range of 120 to 135 months.

On November 2, 2020, this Court sentenced Morales-Dominguez.  In CR 19-2261, the Court sentenced Morales-Dominguez to 120 months imprisonment on the conspiracy offense and 36 months imprisonment on the illegal re-entry offence, with the counts to run concurrently with each other, with credit for time served; concurrent 60 month and 36 month terms of supervised release were also imposed to follow the terms of incarceration.   In CR 16-1054, the Court revoked Morales-Dominguez's supervised release and sentenced him to a 15 month term of imprisonment, to be served consecutively to the sentence imposed in CR 19-2261.

Morales-Dominguez has a projected release date of April 11, 2029 in CR 19-2261. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/; Motion, Attachment, Sentence Monitoring Comp. Data (CR 19-2261, Doc. 182, ECF p. 6 of 9). Morales-

Dominguez was released from custody on March 22, 2019, in CR 16-1054. Motion, Attachment, Sentence Monitoring Comp. Data (CR 16-1054, Doc. 78-1, ECF p. 4 of 5), PO Memo (Doc. 80).

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed March 18, 2024).

Amendment 821 is bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1. Specifically, with regard to such "status points," a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024), *quoting United States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023).

*CR 19-2661 - Conspiracy and Illegal Re-Entry Offenses*

In this case, Morales-Dominguez was sentenced to the minimum statutory term for the conspiracy offense. "A reduction in [Morales-Dominguez'] term of imprisonment below the mandatory statutory minimum sentence is not authorized under 18 U.S.C. § 3582(c)(2). *United States v. Ferreira*, No. CR 21-00053 HG-1, 2024 WL 989591, at *3 (D. Haw. Mar. 7, 2024), *citing* USSG §§ 1B1.10(a)(2)(B); 1B1.10 cmt.1(A); *United States v. Griego*, 2024 WL 841092, *2 n.2 (D. Nev. Feb. 27, 2024) ("When a valid minimum mandatory sentence is imposed, as here, Application Note 1(A) to U.S.S.G. § 1B1.1's Policy Statement is clear that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is inconsistent with the Policy Statement."). Morales-Dominguez is not eligible for a sentence reduction as to the conspiracy offense.

. . . . .

Morales-Dominguez was sentenced to 36 months on the illegal re-entry offense. This term was lower than what his adjusted range would be pursuant to Amendment 821. Indeed, without the status points, Morales-Dominguez would have been subject to a 97 to 121 month sentencing range. Therefore, Morales-Dominguez is not eligible for relief on this offense. *See* USSG §1B.10(2)(A).

*CR 16-1054 Possession with Intent to Distribute Marijuana Offense*

As to the Possession with Intent to Distribute Marijuana offense, the BOP documents indicate Morales-Dominguez's term of imprisonment for this offense was completed on March 22, 2019. Amendment 821 does not apply to Morales-Dominguez's term of supervised release. *See United States v. Island*, 336 F. App'x 759, 760–61 (9th Cir. 2009) (addressing similar language in a different subsection and holding that, "[b]y its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence. [Defendant's] contention that the language 'term of imprisonment' includes the term of supervised release lacks merit. Though the term of supervised release is part of the sentence, it is not part of the 'term of imprisonment.'"); *see also United States v. Kim*, No. CR 13-00303 SOM, 2023 WL 8020085, at *2 (D. Haw. Nov. 20, 2023). Therefore, Morales-Dominguez is not eligible for Amendment 821 relief on this offense.

Accordingly, IT IS ORDERED:

1. The Motions for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c) and Amendment 821 to the Federal Sentencing Guidelines (CR 19-2261, Doc. 182; CR 16-1054, Doc. 78) are DENIED.

. . . . .

. . . . .

. . . . .

2.  The Clerk of Court shall mail a copy of this Order to Morales-Dominguez[1] at the following addresses:

> Jamie Morales-Dominguez # 43330-008
> Federal Medical Center - Butner
> P. O. Box 1600
> Butner, NC  27509
>
> Jamie Morales-Dominguez # 43330-008
> FCI Butner Low
> P. O. Box 999
> Butner, NC  27509

DATED this 12th day of June, 2024.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] The address provided by Morales-Dominguez is not the same address provided by the BOP Inmate Locator.  The Court will direct the Clerk of Court to mail a copy of this Order to both addresses.